**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X        __-CV-_____

JAMIE BROWN,

                                        Plaintiff,                        **COMPLAINT**

            - against -

IMACUCLEAN CLEANING SERVICES LLC,                        **PLAINTIFF DEMANDS**
EXECUTIVE HOTELS AND RESORTS, and                        **A TRIAL BY JURY**
EXECUTIVE LE SOLEIL NEW YORK LLC,

                                        Defendants.

-----------------------------------------------------------------X

        Plaintiff Jamie Brown, through her attorneys, Phillips & Associates, Attorneys at Law, PLLC, brings this Complaint against the Defendants, Imacuclean Cleaning Services, LLC, Executive Hotels and Resorts, and Executive Le Soleil New York LLC, and alleges as follows:

## NATURE OF THE CASE

1.        This is an action for unlawful retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and for race discrimination and retaliation in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et. seq.* ("NYCHRL").  The Plaintiff, who was employed by Imacuclean, was staffed out to work as a housekeeper at Executive Hotel Le Soleil.  Defendants made racially discriminatory comments to the Plaintiff regarding Plaintiff's appearance.  When Plaintiff complained to Defendants of race discrimination, Defendants removed Plaintiff from her job placement and subsequently terminated her in retaliation for her complaints.  By this action, Plaintiff demands all remedies available in law and equity, including but not limited to,

compensatory damages, punitive damages, lost wages, and attorney's fees and costs.  The Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

4.      The Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which this complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.      The EEOC issued Plaintiff a "Right to Sue" letter on June 30, 2017

7.      This action is being brought within 90 days of Plaintiff's receipt of the "Right to Sue" letter.

## PARTIES

8.      Plaintiff **Jamie Brown** is a citizen of New York and resides in Bronx, New York. Ms. Brown is African-American.

9.      Defendant **Imacuclean Cleaning Services, LLC** ("Imacuclean") is a Delaware Limited Liability Company with its principal place of business located at 213 West 40th Street, 6th Floor, New York, New York 10018.

10.     Defendant **Executive Hotels and Resorts** ("Executive Hotels") is a Vancouver, Canada based company with its corporate headquarters located at 1080 Howe Street, 8th Floor, Vancouver, BC, Canada, V6Z 2T1.  Executive Hotels owns manages at least seventeen hotels throughout Canada and the United States including Executive Hotel Le Soleil ("Le Soleil") located at 38 West 26th Street, New York, NY 10018.

11.     Upon information and belief, Defendant **Executive Le Soleil New York LLC** ("Executive Le Soleil") is a wholly owned subsidiary of Executive Hotels.   Executive Le Soleil is a Delaware Limited Liability Company, and has the following firm listed for service of process by the New York Department of State: Kagan Lubic Lepper Ginkelstein and Gold LLP, Attn Adam Finkstein, 200 Madison Avenue, 24th Floor, New York, NY 10016.

12.     At all times relevant, Executive Hotels, Executive Le Soleil, and Imacuclean were joint employers of the Plaintiff.

### FACTUAL ALLEGATIONS

13.     Ms. Brown was hired by Imacuclean on or about February 27, 2016.

14.     Imacuclean is an agency that provides housekeeping and cleaning personnel to various companies and buildings, including those in the hospitality industry.

15.     Imacuclean staffed out Ms. Brown to work at Hotel Le Soleil.  Ms. Brown's job title at Le Soleil was "housekeeper".  Ms. Brown's job duties consisted of general housekeeping duties such as cleaning the hotel rooms.

16.     Ms. Brown was paid $10 per hour by Imacuclean.

17.     Executive Hotels managed the day-to-day aspects of Ms. Brown's job, such as her hours and job duties.  Ms. Brown reported to supervisors who were Executive Hotel employees.

18.     Ms. Brown's natural hair grows out in an "afro".  Ms. Brown keeps her hair trimmed and professional looking.  She does not use any non-natural hair dye colors.

19.     Ms. Brown wore her hair up in an "afro" when she interviewed with Imacuclean, as well as during the entirety of the time that she was staffed out to work at Le Soleil.

20.     From February 2016 until in or around late September 2016, Ms. Brown received no complaints about the way that she wore her hair.  No supervisor or manager at either Imacuclean or Le Soleil ever told Ms. Brown that her hairstyle was unprofessional or in any way a violation of a dress code.

21.     However, in or about late September 2016, Chris (last name unknown), a supervisor of Ms. Brown's at Le Soleil and, upon information and belief, an employee of Imacuclean, approached Ms. Brown to speak with her about her hairstyle.  Chris began to exclaim that Ms. Brown's hairstyle was "not appropriate" and that she must "wear it straight or flatten it."  Chris went on to state that Ms. Brown's hairstyle was "knapp..." but stopped himself before completing the word "knappy".  Ms. Brown stated that this was her natural hair, and that she hadn't received any complaints about the way she wore it during the previous eight months she had been working for Imacuclean and Le Soleil.  Chris responded that Ms. Brown could not wear her hair "poofy like that" and then ended their conversation.

22.     Ms. Brown understood the word "knappy" to be a derogatory term for African-American women's hairstyles.

23.     The next day, Ms. Brown spoke with Chris at Le Soleil.  Ms. Brown told Chris that Ms. Brown was offended by Chris's comments regarding her hair.  Chris attempted to explain

himself by stating, "well my father is black."  Ms. Brown then told Chris, "That doesn't have anything to do with this."  Ms. Brown finished by telling Chris that she wanted to meet with the general manager about Chris's comments.

24.     On September 30, 2016, Ms. Brown went to Imacuclean's offices in Manhattan and filled out an incident report detailing Chris's comments regarding her hair and how the comments made her feel "degraded and belittled."

25.     Ms. Brown complained because she felt that Chris was discriminating against her based on her race (African-American).

26.     Ms. Brown also told another supervisor, Jasmin, a Le Soleil employee, that Ms. Brown wanted to meet with Paul, who was a general manager for Le Soleil.  Upon information and belief, Imacuclean was made aware by Le Soleil that Ms. Brown sought to complain to Paul.

27.     That next Monday, October 3, 2016, Marlin, a manager at Imacuclean, called Ms. Brown into a meeting with him.  During this meeting Ms. Brown told Marlin about Chris's comments regarding Ms. Brown's hair, Chris's near use of the work "knappy," and Chris's comment about his father being black.  Marlin then stated, "Chris messed up."

28.     However, immediately after this meeting, Imacuclean suddenly removed Ms. Brown from her assignment at Le Soleil.  Imacuclean did not give Ms. Brown any reason as to why she was suddenly being removed from her work at Le Soleil.  Ms. Brown had never received any disciplinary write-ups from either Imacuclean or Le Soleil.  At no point did Ms. Brown ever receive any criticism of her work, nor was she ever told that her position was in jeopardy.

29.     Upon information and belief, Le Soleil refused to continue to allow Ms. Brown to work at their hotel in retaliation for her complaints of discrimination.

30.     After removing Ms. Brown from her assignment at Le Soleil, Imacuclean only staffed Ms. Brown out to a different assignment for one day of work.  Imacuclean then terminated Ms. Brown on or about October 13, 2016.

31.     The Defendants discriminated against Ms. Brown on the basis of her race.

32.     Ms. Brown made a good faith complaint to Defendants regarding unlawful discrimination.

33.     Executive Hotels retaliated against Ms. Brown when it refused to allow her to work at Le Soleil due to Ms. Brown's complaints of discrimination.

34.     Imacuclean retaliated against Ms. Brown for her good faith complaints of discrimination when it removed her from Le Soleil and subsequently terminated in retaliation for her complaints of discrimination.

35.     As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and non-economic damages including lost wages as well as emotional distress from being discriminated against and then terminated for complaining of discrimination.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYCHRL**

36.     Plaintiff repeats and realleges each paragraph set forth above.

37.     The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

38. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of her race.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

39. Plaintiff repeats and realleges each paragraph set forth above.

40. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

41. As alleged herein, Plaintiff opposed discrimination made unlawful by Title VII.

42. As alleged herein, Defendants retaliated against Plaintiff based on her good faith complaints of discrimination, in violation of Title VII.

## THIRD CAUSE OF ACTION
## RETALIATION UNDER THE NYCHRL

43. Plaintiff repeats and realleges each paragraph set forth above.

44. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter…"

45. As alleged herein, Plaintiff opposed discriminatory practices made unlawful by the NYCHRL.

46. As alleged herein, Defendants retaliated against Plaintiff based on her good faith complaints of discrimination, in violation of the NYCHRL.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Jamie Brown demands a trial by jury as to all issues triable by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the New York City Administrative Code, §8-107 *et. seq.*, in that Defendant discriminated against Plaintiff and retaliated against Plaintiff for objecting to, and complaining about, Defendants' race discrimination.

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
       August 14, 2017

                                        _____/s/DSS_____

                                        David S. Schwartz, Esq. (DS5982)
                                        Dorina Cela, Esq.
                                        Phillips & Associates, PLLC
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, New York 10006
                                        Tel: (212) 248-7431
                                        Fax: (212) 901-2107
                                        Dschwartz@tpglaws.com
                                        Dcela@tpglaws.com